UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　No. 00-4070

JIMMY O'NEAL BROWN,
　　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-98-189)

Submitted: September 29, 2000

Decided: October 19, 2000

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

E. Lavoyd Morgan, Jr., Lewisburg, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, John L. File, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Jimmy O'Neal Brown appeals from his criminal conviction and sentence for aiding and abetting in the possession of methamphetamine and cocaine with the intent to distribute in violation of 21 U.S.C.A. § 841(a)(1) (West 1999) and 18 U.S.C.A. § 2 (West 2000).* We dismiss.

Brown raises two issues on appeal. First, he contends that the drugs found incident to a police stop of his car should have been suppressed as the fruits of an illegal stop. Second, he asserts that because his criminal history consisted mainly of misdemeanor offenses, sentencing him as a career offender under *U.S. Sentencing Guidelines Manual* § 4B1.1 (1998) overrepresented the seriousness of his criminal history.

Addressing the first of these claims, we find that by pleading guilty, Brown has waived his right to appeal the district court's denial of his suppression motion. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). As to Brown's second claim, challenging the district court's application of the career offender enhancement, Brown does not challenge any of the offenses used to place him within the purview of this enhancement, nor does he challenge the enhancement's applicability to his sentence. Rather, he contends that, because he was already in criminal history category VI, application of this enhancement overrepresented the seriousness of his offense, and that the court should therefore have chosen not to apply it. Thus, Brown is essentially asserting that the district court should have departed downward, by not applying this enhancement, due to an alleged overrepresentation of his criminal history.

---

*We have considered the effect of *Apprendi v. New Jersey*, ___ U.S. ___, 68 U.S.L.W. 4576 (U.S. June 26, 2000) (No. 99-478), and find that, because Brown received sentences of imprisonment and terms of supervised release that did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. *See United States v. Aguayo-Delgado*, ___ F.3d ___, 2000 WL 988128, at *6 (8th Cir. July 18, 2000).

Review of the record reveals that the district court was aware that it had the authority to grant a downward departure on this basis, but that it chose not to do so. This decision is therefore not reviewable. *See United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). Moreover, as Brown concedes, he was already within criminal history category VI prior to the application of the career offender status, and was sentenced to the lowest possible sentence within his guideline range. Accordingly, Brown was in no way harmed by application of the challenged enhancement.

Finding that Brown has waived his right to challenge the alleged Fourth Amendment violation, and that we are without authority to review the district court's decision not to depart, we dismiss Brown's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*